RICARDO TORRES NEGRÓN, Appellant, v. THE REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. O-69-122.    Decided March 16, 1970.

*Luis López de Victoria* and *Alexis D. Mattei* for appellant. The respondent Registrar appeared by brief.

PER CURIAM: On September 11, 1959, Gabriel Pérez Oliveras and his wife Carmen Sofía López sold a lot situated in Yauco, Puerto Rico, to Pedro Negrón Pérez and his wife Librada Santos Rivera. Said sale was executed orally. By deed No. 3 executed on March 5, 1968, before notary Adrián Alfonso Muñiz, the spouses Negrón Santos sold said lot and a house they constructed thereon to Ricardo Torres Negrón and his wife Doris M. Negrón Cintrón. By deed No. 72 executed on April 2, 1968, before notary Luis López de Victoria, spouses Pérez López (1) segregated said lot from a property having a larger area; (2) they declared that in said lot there is a house property of spouses Torres Negrón; (3) that they obtained the approval of the Planning Board for said segregation by its report of January 3, 1968; (4) that on September 11, 1959, they sold said lot to spouses Negrón Santos and

that the latter had sold it to spouses Torres Negrón by the aforementioned deed No. 3. Lastly, in said deed No. 72 the Pérez López confirmed the sale of said lot in favor of spouses Torres Negrón as successors in interest of spouses Negrón Santos and stated and agreed that said confirmation and sale be recorded in the Registry of Property. By said deed Torres Negrón accepted said ratification.

The two aforementioned deeds having been presented with the report of the Planning Board and the petition to record the lot in the name of Torres Negrón, the Registrar of Property returned both deeds with a note on deed No. 3 in the sense that "record thereof is suspended because the lot sold does not appear previously recorded in favor of the vendor . . ." and with a note on deed No. 72 in the sense that "record thereof is suspended for failure of Pedro Negrón Pérez to appear in the deed to accept and ratify the sale of the lot of 385.45 square meters executed in his favor on September 11, 1959, necessary requirement for the execution and previous registration of his title. . . ."

In support of his appeal appellant only assigns that the first purchaser need not accept the ratification of the sale in his favor since the person who bought from the former substituted him in all his rights and actions.

The respondent Registrar, on the contrary, argues that pursuant to Art. 20 of the Mortgage Law, in order that Torres Negrón could record his deed of acquisition the proprietary right to the lot had to be previously recorded in favor of its vendor Negrón Pérez; that for the purpose of recording the latter's title no public instrument, document or final judgment has been presented; that deed of ratification No. 72, "is not sufficient for such purposes, for failure of Pedro Negrón Pérez to appear to accept, ratify or identify the lot segregated thereby, and allegedly sold by Gabriel Pérez Oliveras to him on September 11, 1959"; that the appearance of Negrón Pérez in deed No. 72 was indispensable since the al-

leged sale of the same, executed in 1959 was ineffectual pursuant to the provisions of § 24 of the Planning Act; that Negrón Pérez' title failing to appear of record, the recording of deed No. 3 executed by him in favor of Torres Negrón does not lie.

■ Since for the purpose of selling the said lot the same had to be segregated from a property of a larger area, and such act had not been performed by the former owner Pérez Oliveras, and the latter did not obtain the approval for the segregation until January 3, 1968, the former sales of the lot from spouses Pérez López to the Negrón Santos and from the latter to spouses Torres Negrón, lacked efficacy and were void. Section 25 of the Planning Act (23 L.P.R.A. § 25, 1968 Supp.); *Fernández* v. *Registrar*, 82 P.R.R. 523, 533 (1961); *Soto* v. *Feliciano*, 80 P.R.R. 595, 598 (1958).

There is no doubt that said sales, lacking efficacy and therefore void, could be confirmed upon the disappearance of the cause of nullity consisting in the lack of the approval of the segregation of the lot by the Planning Board. *Madera* v. *Metropolitan Const. Corp.*, 95 P.R.R. 625, 633 (1967). The original vendor, spouses Pérez López, confirmed the oral sale of the lot to spouses Negrón Santos by virtue of deed No. 72. That confirmation, in our opinion, likewise confirmed the sale of the lot from the Negrón Santos to the Torres Negrón.

■ Now then, the foregoing actions are not sufficient for the purpose of recording the property right of the latter to the lot. The public instrument, final judgment or authentic document of the sale of the lot from the Pérez López to the Negrón Santos has not been executed as required by Art. 3 of the Mortgage Law (30 L.P.R.A. § 3). The property right to the lot of spouses Negrón Santos has not been recorded either and it should be done before recording the sale from the latter to the spouses Torres Negrón pursuant to Art. 20 of the Mortgage Law (30 L.P.R.A. § 45).

■ The confirmation by public instrument of a sale made orally by the vendor only does not constitute a recordable title to the property right of the purchaser, since like in the case of the contract of purchase and sale which requires establishing the consent of both parties (§ 1339 of the Civil Code— 31 L.P.R.A. § 3746), the confirmation of such contract requires the appearance and consent of the vendor and of the purchaser in the corresponding instrument. The acceptance of the second purchaser in said instrument does not produce the effect of constituting said public instrument into a recordable title of the property right of the first purchaser to the effect of the requirement of the successive performances prescribed by the Mortgage Law.

In view of the foregoing the notes appealed from will be affirmed.

Mr. Chief Justice and Mr. Justice Rigau did not participate herein.